[DO NOT PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

_____

No. 22-10440

_____

UNITED STATES OF AMERICA,

                                                Plaintiff-Appellee,

*versus*

RONALD HUE BURCH,

                                                Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 1:01-cr-00763-FAM-1

_____

Before ROSENBAUM, BRANCH, and BRASHER, Circuit Judges.

PER CURIAM:

Ronald Burch violated the conditions of his supervised release by committing two robberies—one armed.  The district court revoked Burch's supervised release and sentenced Burch to the statutory maximum terms—sixty months' incarceration followed by a lifetime of supervised release.  Seeing no reversible error, we affirm.

## I.    INTRODUCTION

In 2001, Burch was indicted on six counts for, in broad strokes, distributing cocaine.  Burch pled guilty to two counts:  conspiracy to possess with intent to distribute five kilograms or more of cocaine, in violation of 21 U.S.C. § 846, and carrying and possessing a firearm during and in relation to a drug-trafficking crime, in violation of 18 U.S.C. § 924(c)(1).  The district court sentenced Burch to 15 years for the first count and 5 years on the other, for a total of 20 years, plus five years' supervised release.  Burch was released in March 2019.  He served two-and-a-half years on supervised release without incident.

But in October 2021, Burch was arrested on two state charges:  "Attempted Robbery Armed"—based on a September 29, 2021, incident at a gas station—and "Robbery Armed with a Firearm"—based on an October 12, 2021, incident at a smoke shop.  Burch's probation officer petitioned to revoke Burch's supervised

release based on the arrest. The district court set a final revocation hearing on the petition.

At the hearing, the government called Jason Couto, a robbery detective with the Hialeah police department. Beginning with the smoke-shop robbery, Detective Couto testified, based on his investigation, that Burch had entered the store and demanded money from the cashier at gun point. Burch also pointed the gun at a patron in the shop. When the cashier refused to open the register, Burch left the store. The government introduced video and fingerprint evidence tying Burch to the crime. As to gas-station robbery, Detective Couto testified that Burch had entered at 6 a.m. and—according to the employees—brandished a firearm at the employees and demanded money. The government introduced CCTV footage showing a man with a camouflage jacket, white t-shirt, and blue jean shorts, although no gun was visible. Detective Couto executed a search warrant on Burch's car and found those same items of clothing inside. The district court found by a preponderance of the evidence that Burch had committed the smoke-shop robbery with a firearm but the gas-station robbery without a firearm.

To decide Burch's sentence, the district court recalled that it had sentenced Burch in 2002 and referred to the old presentencing report. That 2002 report revealed that Burch had at least five felony convictions; even considering some were too old to be counted, Burch had eleven criminal history points and was in criminal-history category V.

The district court clarified that it was only considering the serious offenses. It explained,

> You had possession of a short-barrel shotgun back in 1988 where you got only four days of jail. You had carrying a concealed firearm back in 1989 where you got four months in jail with credit time served. I know how busy the states were then because I was in state court then. But in '93, you also had possession of a firearm by a convicted felon, and you got 50 days jail time. It just seems like a pattern. Skipping everything else that may not be important—and by the way, originally, you didn't receive any points for some of those because they were too old.

The district court continued,

> You also had possession of a firearm by a violent career criminal in state court in 1996. And you got ten years, but then it was mitigated to three years, I assume, for cooperation, but I don't know. But there's been – and then, of course, even though there was no action, in '88, another carrying a concealed firearm. And in '89, another carrying a concealed weapon. So they're serious offenses. Therefore, although the guideline range is pretty high as it is, I'm going to still slightly vary upward to the maximum of five years.

Following this discussion, the district court varied upwards from Burch's Guidelines range—46 to 57 months—and sentenced Burch to the maximum term of five years' imprisonment and lifetime supervised release, explaining, "So I'll see you if – whenever you get out, to see if you're doing well." It continued, "And that's what I'll do. So if you get into trouble again, if I'm still here, we'll meet. We'll deal with it one way or another." Burch timely appealed.

## II.    STANDARD OF REVIEW

We review for an abuse of discretion the procedural and substantive reasonableness of the final sentence imposed by the district court. *United States v. Gonzalez*, 550 F.3d 1319, 1323–24 (11th Cir. 2008).

## III.    DISCUSSION

Burch argues that his sentence is procedurally and substantively unreasonable. We disagree.[1]

---

[1] Two notes before we move to the merits. *First*, the government contends that Burch failed to object to the district court's sentence, so we should review for plain error. We assume without deciding that Burch preserved his claims because (1) it makes no difference to the outcome of this appeal and (2) the district court did not offer Burch the opportunity to object after imposing the sentence and before concluding the hearing.

*Second*, Burch argues that we should follow the Second Circuit's lead and apply a "closer look" at the imposition of a lifetime of supervised release. *See United States v. Brooks*, 889 F.3d 95, 101 (2d Cir. 2018) (explaining that "the severity of a life sentence of supervised release justifies a closer look at the district court's decision to impose such a sentence"). Again, we will assume

### A. *Procedural Reasonableness*

Burch makes two arguments as to how his sentence is procedurally unreasonable. First, he says that the district court failed to discuss the rehabilitative goals of supervised release and the district court's statement—that "[i]f [Burch] got in trouble again, if [the district court judge was] still" around, they would meet again—sounded in punishment. Second, Burch argues that the district court improperly speculated about why Burch had received lenient sentences for his state-court convictions.

When imposing a sentence of supervised release, district courts should consider all the Section 3553(a) factors except for Section 3553(a)(2)(A)—the need for punishment. 18 U.S.C. § 3583(c) (citing § 3553(a)).

We disagree that the district court improperly considered punishment when imposing Burch's sentence. The district court's statements—that it would see Burch after release to check on whether Burch was "doing well" and that, if Burch reoffended, the district court would "deal with it one way or another"—do not show that the district court was considering the need to punish Burch. Rather, the district court's statements reflected the fact that Burch had a history of violating conditions of supervised release and that the district court had overseen Burch's case since 2001.

---

without deciding that a "closer look" is required because it makes no difference to the outcome of this appeal.

The district court also didn't improperly speculate that Burch received lenient state-court sentences. Read in context, the district court's statements observed that Burch's conduct "seem[ed] like a pattern." To be sure, it might have been better not to speculate that Burch received a shorter sentence "for cooperation, but I don't know." But a few throwaway lines do not convince us that the district court procedurally erred.

## B. *Substantive Reasonableness*

Burch argues that the district court's sentence was substantively unreasonable because the district court (1) gave great weight to one factor and ignored the other factors (like that Burch was a father figure to his fiancée's children); (2) did not consider the possibility of unwarranted sentencing disparities; (3) did not consider alternative sentences; (4) did not consider the fact that Burch's crimes didn't harm anyone; and (5) ignored the fact that he spent two years on supervised release without incident. Again, we are unpersuaded.

"To arrive at an appropriate sentence, the district court must consider all of the applicable § 3553(a) factors. That does not mean, however, that it must give all of the § 3553(a) factors equal weight. Instead, the sentencing court is permitted to attach great weight to one factor over others. The decision about how much weight to assign a particular sentencing factor is committed to the sound discretion of the district court. And, importantly, if the sentence is outside the Guidelines range, the [reviewing] court may not apply

a presumption of unreasonableness." *United States v. Rosales-Bruno*, 789 F.3d 1249, 1255 (11th Cir. 2015) (cleaned up).

Burch's sentence is not substantively unreasonable. *First*, we are unconvinced by Burch's argument that the district court did not mention his two years of compliance, his status as a father-figure, and the fact that his crimes didn't physically injure anyone because district courts aren't required to explicitly list mitigating evidence. *See United States v. Amedeo*, 487 F.3d 823, 833 (11th Cir. 2007) ("[W]e cannot say that the court's failure to discuss this 'mitigating' evidence means that the court erroneously 'ignored' or failed to consider this evidence in determining Amedeo's sentence."). The district court heard Burch's presentation of mitigation evidence and request for leniency and considered the Section 3553(a) factors. That is what it was required to do.

*Second*, Burch's argument that his sentence will create unwarranted disparities is unpersuasive. He asserts that his crimes were "minor" in that no one was injured or restrained, and his crimes failed to obtain money.[2] So, Burch says, other defendants

---

[2] We disagree with Burch's characterization that "[n]obody was hurt. Nobody was restrained. And very little, if any, money was taken." Blue Br. at 19. While it is good that Burch chose not to fire his gun and no one was physically hurt during Burch's activities, that was not a foregone conclusion when Burch decided in the first place to use a gun to conduct his robberies. And in any case, being held at gunpoint can surely qualify both as a harm and as a restraint. As for Burch's lack of success, that does not diminish the danger he posed.

who commit similar crimes will receive shorter terms of supervised release.  Maybe so, but they are not appropriate comparators if they don't also have a similar extensive criminal history like Burch's.  Burch has 11 criminal-history points and falls within criminal-history category V—and that's without including prior convictions that are too old to count.  Burch does not explain why other defendants with extensive criminal histories could (or would) receive shorter terms of supervised release.[3]  In short, we conclude that the sentence was substantively reasonable.

   **AFFIRMED.**

---

[3] As the government points out, if Burch conforms his conduct to the law, he can move to terminate his supervised release after one year.  *See* 18 U.S.C. § 3583(e)(1).